## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **MICHAEL A. LEWIS**<br>Individually and on Behalf of All<br>Others Similarly Situated | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No.: 8:15-cv-02068-TDC |
| **NEANY, INC.** | ) ) | |
| Defendant. | ) ) ) | |

## JOINT MOTION FOR ORDER CERTIFYING PLAINTIFF CLASS AND PRELIMINARILY APPROVING STIPULATION AND SETTLEMENT AGREEMENT, NOTICE, AND CLAIM FORM

Plaintiff Michael A. Lewis (the "Named Plaintiff"), individually and on behalf of a class of individuals he seeks to represent (the "Plaintiff Class"), and Defendant Neany, Inc., through their respective counsel, hereby file this Joint Motion for an Order Certifying the Plaintiff Class and Preliminarily Approving Stipulation and Settlement Agreement, Notice, and Claim Form ("Motion"). The Named Plaintiff and Defendant (collectively, the "Settling Parties") state as follows:

1.      On July 15, 2015, Plaintiff Lewis filed this lawsuit as a putative collective action under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 *et seq.*, and as a putative Rule 23 class action under the Arizona Minimum Wage Act ("AMWA"), *see* A.R.S. § 23-350, *et seq.,* alleging that Defendant failed to pay certain overtime compensation to "similarly situated" current and former UAV Technicians (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist).

(a)     In the Complaint, the Named Plaintiff claims that he and other allegedly "similarly situated" UAV Technicians were improperly classified as exempt under the FLSA and AMWA and, thus, denied time-and-a-half overtime compensation to which they are entitled for work performed in excess of 40 hours in a workweek.

(b)     Defendant answered the Complaint, denying all material allegations and asserting a number of affirmative defenses, *i.e.*, that the Plaintiffs are not entitled to overtime compensation for any work they performed outside the United States, and that, with respect to work performed in the United States, they are exempt from the FLSA's overtime requirements under various exemptions.

(c)     The Settling Parties agreed to participate in a limited, informal period of discovery to explore whether a resolution of their bona fide disputes could be reached. Accordingly, to stay the Litigation while a potential resolution was discussed amongst counsel, a Joint Motion to Stay Proceedings [D.E. # 12] was filed on October 16, 2015.  The Court granted that Motion and subsequent Motions which sought to stay the matter as the Settling Parties were making progress with settlement discussions.

(d)     The Settling Parties conducted extensive discovery which included the Plaintiff's presentation of interrogatories and document requests, the review of thousands of pages of timesheets and other relevant employment documents, and the exchange of their respective calculations of overtime hours worked and documents underlying those calculations.

(e)     On March 9, 2016, following many months of focused settlement discussions, the Settling Parties were able to reach an agreement to resolve the lawsuit.

      (f)    After reaching the settlement, counsel for the Settling Parties worked diligently to prepare the required Stipulation and Settlement Agreement, Notice, and Claim Form.

2.    The Settling Parties have negotiated a settlement, as set forth in the Stipulation and Settlement Agreement ("Agreement"), attached hereto as Exhibit 2, which settles and compromises fully all claims asserted with respect to the compensation of UAV Technicians in the lawsuit and all claims nationwide arising from or related to the lawsuit or which have been or might have been asserted based on or arising out of any acts, facts, transactions, occurrences, representations or omissions alleged in the lawsuit.

3.    This Agreement was reached as a result of lengthy and detailed, arms-length settlement negotiations between counsel.

4.    The Settling Parties request that this Court approve, administer, and implement the Agreement and settlement.

5.    To approve and implement this settlement, the Settling Parties move this Court to enter an Order in the form of the attached Exhibit 1, which shall: (a) grant Preliminary Approval of the FLSA collective action settlement set forth in the attached Agreement as fair, reasonable and adequate and in the best interests of the Named Plaintiff and the members of the Plaintiff Class; (b) certify the Plaintiff Class as defined in this Agreement for settlement purposes only; (c) approve a Notice of Proposed FLSA Collective Action Settlement and Hearing ("Notice"), a copy of which is attached as Exhibit 3; (d) approve a Claim, Waiver, Release and Consent to Join Form ("Claim Form"), a copy of which is attached as Exhibit 4; (e) authorize the mailing of the Notice and Claim Form to all individuals identified as members of the Plaintiff Class; (f) appoint the law firm of Kleinbard LLC as counsel for the Plaintiff Class ("Class Counsel"); (g)

appoint Angeion Group as Settlement Administrator; (h) set a date for the execution and return of Claim Forms (the "Claim Deadline"); and (i) schedule a hearing for the final approval of the Agreement and entry of a Final Judgment and Order dismissing with prejudice all claims encompassed by the Agreement ("Final Approval Hearing").

6.      For settlement purposes only, the Settling Parties agree that the Plaintiff Class shall be defined as:  "All current and former employees of Neany, Inc. who have worked as a UAV Technician (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist) and performed work as such within the United States at any time between July 15, 2012 and July 15, 2015."

7.      In support of their Motion, the Settling Parties state as follows:

(a)      The Settling Parties have exchanged information and documentation through pretrial discovery and focused settlement discussions.  Defendant has conducted a number of witness interviews, and provided thousands of relevant documents regarding the hours worked and compensation received by the Named Plaintiff and the members of the Plaintiff Class.  Class Counsel conducted a detailed review of the data and documentation produced by Defendant and spent considerable time with the Named Plaintiff reviewing/analyzing the documentation and conferring about the nature of the UAV Technicians' job responsibilities, their compensation, and hours worked.  Additionally, Class Counsel and Defendant's counsel have invested substantial time assessing the applicable law as it relates to the Named Plaintiff's claims and damages, the defenses thereto, and the facts discovered.

(b)      There are bona fide disputes regarding the primary duties and responsibilities of the UAV Technicians.  The Plaintiffs maintain that their duties are routine and primarily mechanical in nature, and that they perform most of their work outside in the field.  By

contrast, the Defendant contends that the UAV Technicians perform professional type duties on sophisticated and developing technology, and that they often exercise independent judgment and discretion in evaluating conditions and troubleshooting technical problems as they arise. Furthermore, there are bona fide disputes between the Settling Parties regarding the number of overtime hours that have been worked by the UAV Technicians and whether compensation for any overtime hours has been properly and timely paid.  Finally, there are bona fide disputes between the Settling Parties in relation to whether Defendant's alleged failure to pay overtime compensation was willful and/or reckless in nature.

        (c)     Defendant has denied and continues to deny any liability or wrongdoing, and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the lawsuit.  However, to avoid the burden, expense, inconvenience, and uncertainty of proceeding through trial, Defendant has concluded that it is in its best interests to resolve and settle the lawsuit.

        (d)     Class Counsel has conducted a thorough investigation of the relevant facts, the claims against Defendant, and the impact of this Agreement on the Named Plaintiff and the members of the Plaintiff Class.  Based on that analysis and an evaluation of a number of factors, including: (i) the number of members in the putative collective action; (ii) the number of overtime hours the members of the putative collective action might have worked in the United States during the relevant look-back period; (iii) the defenses raised by Defendant during discovery and settlement discussions; (iv) the expense and delay associated with continued proceedings; and (v) the uncertainty of the outcome of the lawsuit, Class Counsel believes that settlement with the Defendant for the consideration and on the terms set forth in this Agreement

is fair, reasonable and adequate and is in the best interests of the Named Plaintiff and the members of the Plaintiff Class.

WHEREFORE, for all the reasons stated in this Motion and in the Stipulation and Settlement Agreement attached hereto, the Setting Parties respectfully request that the Court enter the accompanying Order certifying the Plaintiff Class and preliminarily approving the Stipulation and Settlement Agreement.


Respectfully submitted,


  /s/  Peter R. Rosenzweig                                   /s/ Michael J. Neary
Peter R. Rosenzweig, Esq.                          Michael J. Neary, Esq.
KLEINBARD LLC                                          LERCH, EARLY & BREWER
One Liberty Place                                          3 Bethesda Metro Center
46th Floor                                                      Suite 460
1650 Market Street                                       Bethesda, MD 20814
Philadelphia, PA 19103                               (301) 657-0740
(267) 443-4120                                            mjneary@lerchearly.com
prosenzweig@kleinbard.com


DATED:   March 28, 2016

# EXHIBIT "1"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | |
|---|---|
| **MICHAEL A. LEWIS** )<br>Individually and on Behalf of All )<br>Others Similarly Situated )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>**NEANY, INC.** )<br> )<br>Defendant. )<br>———————————————— ) | Civil Action No.: 8:15-cv-02068-TDC |

<u>**ORDER GRANTING PRELIMINARY**</u>
<u>**APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**</u>

WHEREAS, this action is pending before this Court as a Fair Labor Standards Act ("FLSA") collective action (the "Action"); and

WHEREAS, counsel for the Named Plaintiff and counsel for Defendant have jointly applied to this Court for an order certifying the action as a collective action and approving the settlement of the action in accordance with a Stipulation and Settlement Agreement (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement; and the Court having reviewed the Agreement and the exhibits annexed thereto, and being otherwise duly advised in the premises;

IT IS HEREBY ORDERED THAT:

1.     The FLSA claims asserted in this action may proceed as a collective action. Should, for any reason, the settlement not become final, the fact that the parties were willing to stipulate to the certification of a collective action as part of the settlement shall have no bearing

on, nor be admissible in connection with, the issue of whether a collective class should be certified in a non-settlement context.

2.      The Court hereby grants preliminary approval of the FLSA collective action settlement set forth in the Agreement as fair, adequate, and reasonable, and in the best interests of the Named Plaintiff and the Plaintiff Class.

3.      The law firm of Kleinbard LLC is appointed and designated as counsel for the Plaintiff Class ("Class Counsel").  Class Counsel are authorized to act on behalf of all current and former employees of Defendant who have worked as a UAV Technician (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist) and performed work as such within the United States at any time between July 15, 2012 and July 15, 2015 (the "Plaintiff Class"), with respect to all acts or consents required by, or which may be given pursuant to, the settlement, and such other acts reasonably necessary to consummate the settlement.  Any potential members of the Plaintiff Class who opt-in to the settlement may enter an appearance through counsel of their own choosing and at their own expense.  Any potential members of the Plaintiff Class who do not enter an appearance through counsel, or indicate a desire to represent themselves, will be represented by Class Counsel.

4.      The Court approves, as to form and content, the Notice and Claim Form attached hereto.

5.      The Court confirms the retention of Angeion Group as Settlement Administrator.

6.      Any potential members of the Plaintiff Class who wish to participate in the settlement shall return their Claim Forms to the Settlement Administrator, postmarked no later than _____, 2016.  After opting in, any members of the Plaintiff Class may

object to the proposed settlement by filing written objections with the Court in advance of the settlement hearing and/or by appearing and being heard at the settlement hearing.

      7.      The Court will hold a hearing at _____ on _____, 2016, to consider whether to enter a Final Judgment and Order approving the proposed settlement.


      SO ORDERED.



DATE: _____

                      _____
                      The Honorable Theodore D. Chuang
                      United States District Court Judge

# EXHIBIT

# "2"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | | |
|---|---|---|
| **MICHAEL A. LEWIS** | ) | |
| Individually and on Behalf of All | ) | |
| Others Similarly Situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: 8:15-cv-02068-TDC |
| **NEANY, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### STIPULATION AND PROPOSED SETTLEMENT AGREEMENT

This Stipulation and Proposed Settlement Agreement ("Agreement") is entered into by and between Plaintiff Michael Lewis (the "Named Plaintiff"), individually and on behalf of a class of individuals he seeks to represent (the "Plaintiff Class"), on the one hand, and Defendant Neany, Inc. ("Defendant"), on the other hand.  This Agreement shall become effective upon entry by the Court of a Final Judgment and Order approving the Agreement under the procedures set forth in this Agreement.  The Plaintiff Class and Defendant (collectively, the "Settling Parties") do hereby agree to take all steps necessary and appropriate to obtain entry of such Final Judgment and Order approving the Agreement in consideration for: a) contribution by Defendant of the payments described herein, subject to the terms, conditions, and limitations of this Agreement; b) the release and dismissal with prejudice of all claims by the Named Plaintiff and the members of the Plaintiff Class that have been asserted in or that relate to *Lewis, et al. v. Neany, Inc.*, Case No. 8:15-cv-02068-TDC (D. Md.) (the "Litigation"); c) execution of a general

release by the Named Plaintiff; and d) other consideration set forth herein.  This settlement was reached pursuant to months of negotiations, including the exchange of information and a substantial volume of documents, between the Settling Parties.

## I.    BACKGROUND

A.    <u>Pending Litigation</u>.  On July 15, 2015, Plaintiff Michael Lewis filed this lawsuit as a putative collective action under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 *et seq.*, and as a putative Rule 23 class action under the Arizona Minimum Wage Act ("AMWA"), *see* A.R.S. § 23-350, *et seq.,* alleging that Defendant failed to pay certain overtime compensation to "similarly situated" current and former UAV Technicians (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist).

1.    In the Complaint, the Named Plaintiff claims that he and other allegedly "similarly situated" UAV Technicians were improperly classified as exempt under the FLSA and AMWA and thus denied time-and-a-half overtime compensation to which they are entitled for work performed in excess of 40 hours in a workweek.

2.    Defendant answered the Complaint, denying all material allegations and asserting a number of affirmative defenses, *i.e.*, that the Plaintiffs are not entitled to overtime compensation for any work they performed outside the United States, and that, with respect to work performed in the United States, they are exempt from the FLSA's overtime requirements under various exemptions.

3.    The Settling Parties acknowledge that there are bona fide disputes regarding the primary duties and responsibilities of the UAV Technicians.  The Plaintiffs maintain that their duties are routine and primarily mechanical in nature, and that they perform

most of their work outside in the field.  By contrast, the Defendant contends that the UAV Technicians perform professional type duties on sophisticated and developing technology, and that they often exercise independent judgment and discretion in evaluating conditions and troubleshooting technical problems as they arise.  Furthermore, there are bona fide disputes between the Settling Parties regarding the number of overtime hours that have been worked by the UAV Technicians and whether compensation for any overtime hours has been properly and timely paid.  Finally, there are bona fide disputes between the Settling Parties in relation to whether Defendant's alleged failure to pay overtime compensation was willful and/or reckless in nature.

4.     The Settling Parties agreed to participate in a limited, informal period of discovery to explore whether a resolution of the bona fide disputes could be reached. Accordingly, to stay the Litigation while a potential resolution was discussed amongst counsel, a Joint Motion to Stay Proceedings [D.E. # 12] was filed on October 16, 2015.  The Court granted that Motion and subsequent Motions which sought to stay the matter as the Settling Parties were making progress with settlement discussions.

5.     On March 9, 2016, following many months of focused settlement discussions, the Settling Parties were able to reach an agreement to resolve the Litigation.

B.     <u>Investigation by Class Counsel</u>.  The law firm of Kleinbard LLC ("Class Counsel") has conducted a lengthy, thorough, and exhaustive investigation of the claims against Defendant in the Litigation, and the impact of this Agreement on the Named Plaintiff and the members of the Plaintiff Class.  Based on that detailed analysis and an evaluation of a number of factors including the defenses asserted by Defendant, the expense and delay associated with continued proceedings, and the uncertainty of the outcome of the Litigation, Class Counsel

believes that settlement with Defendant for the consideration and on the terms set forth in this Agreement is fair, reasonable and adequate and is in the best interests of the Named Plaintiff and the members of the Plaintiff Class.

  C. <u>No Admission of Liability</u>.  By entering into this Agreement, Defendant does not admit any liability or wrongdoing and expressly denies same; it is understood and agreed by the Settling Parties that this Agreement is being entered into by Defendant solely for the purpose of avoiding the time, cost, uncertainty and disruption associated with ongoing litigation and to settle all outstanding claims.  Nothing in this Agreement, or any motions filed or Orders entered pursuant to the Agreement, is to be construed as or deemed an admission by Defendant of any liability, culpability, negligence or wrongdoing, and the Agreement shall not in any respect be construed as, offered, or deemed admissible in any arbitration or legal proceeding for any purpose except in an action or proceeding to approve, interpret, or enforce the Agreement. Defendant expressly reserves its right to oppose class certification should this Agreement not be approved by the Court.

  D. <u>Full and Complete Settlement</u>.  This Agreement settles and compromises fully all claims asserted with respect to the compensation of UAV Technicians in the Litigation and all claims nationwide arising from or related to the Litigation or which have been or might have been asserted based on or arising out of any acts, facts, transactions, occurrences, representations or omissions alleged in the Litigation.

  E. <u>Binding Agreement</u>.  This Agreement is a binding agreement and contains all material agreed-upon terms for the Settling Parties to seek a full and final settlement of the Litigation.

  F. <u>Appointment of Settlement Claims Administrator</u>.  The Settling Parties have

agreed to the Court's appointment of Angeion Group to perform the duties of a "Settlement Administrator" for this Agreement pursuant to Fed. R. Civ. P. 53.

G.   <u>Effective Date</u>.   As used in this Agreement, "Effective Date" means the date by which the Court's Final Judgment and Order approving the Agreement and dismissing with prejudice all claims encompassed by the Agreement becomes final.   For purposes of this paragraph, the Court's Final Judgment and Order becomes final upon the latter of: (1) the date of its final affirmance on appeal; (2) the expiration of the time to file a petition for a writ of certiorari, and, if certiorari is granted, the date of final affirmance following review pursuant to that grant; (3) the date of final dismissal of any appeal from the Final Judgment and Order or the final dismissal of any proceeding on certiorari to review the Final Judgment and Order; or (4) if no appeal is filed, the expiration date of the time for filing any appeal from the Court's Final Judgment and Order.

## II.   SETTLEMENT PROCEDURE

A.   <u>Certification of the Plaintiff Class for Settlement Purposes Only</u>.

1.   For settlement purposes only, the Settling Parties agree that the Plaintiff Class shall be defined as: "All current and former employees of Neany, Inc. who have worked as a UAV Technician (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist) and performed work as such within the United States at any time between July 15, 2012 and July 15, 2015."  The phrase "Settlement Collective Members" refers to all members of the Plaintiff Class who submit a timely and properly completed Claim Form that is approved for payment under the terms of this Agreement.

2.   This Agreement is contingent upon the approval and certification by the Court of the Plaintiff Class for settlement purposes only.  Defendant expressly reserves its right

to challenge the propriety of class certification for any purpose should the Court not approve this Agreement.

       B.    <u>Preliminary Approval</u>.

       1.    As soon as practicable after the execution of this Agreement, Class Counsel, on behalf of the Named Plaintiff and the members of the Plaintiff Class, together with Defendant's counsel, shall jointly file with the Court a motion seeking an Order: (1) granting Preliminary Approval of the settlement set forth in this Agreement as fair, reasonable and adequate and in the best interests of the Named Plaintiff and the members of the Plaintiff Class (the "Preliminary Approval Order"); (2) certifying the Plaintiff Class as defined in this Agreement for settlement purposes only; (3) approving a Notice of Proposed FLSA Collective Action Settlement and Hearing ("Notice"), a copy of which is attached as Exhibit A; (4) approving a Claim, Waiver, Release and Consent to Join Form ("Claim Form"), a copy of which is attached as Exhibit B; (5) authorizing the mailing of the Notice and Claim Form to all individuals identified as members of the Plaintiff Class; (6) appointing Class Counsel as counsel for the Plaintiff Class; (7) appointing Angeion Group as Settlement Administrator; (8) setting a date for the execution and return of Claim Forms (the "Claim Deadline"); and (9) scheduling a hearing for the final approval of the Agreement and entry of a Final Judgment and Order dismissing with prejudice all claims encompassed by this Agreement ("Final Approval Hearing").

       C.    <u>Notice to the Plaintiff Class</u>.

       1.    Within  ten days of the Court's Preliminary Approval of this Agreement, Defendant will provide the Settlement Administrator with a list of all members of the Plaintiff Class, including, to the extent reasonably available, their full names, last known home address,

last known personal telephone number(s), last known work telephone number(s), last known personal email address(es), last known work email address(es), date of birth, and the last four digits of their Social Security Numbers.

2.     After Preliminary Approval by the Court, Defendant may notify members of the Plaintiff Class who are currently employed by Defendant, that they will be receiving a Court-approved Notice regarding a proposed settlement of the FLSA Collective Action.

3.     Within five days of receiving Defendant's list of members of the Plaintiff Class, the Settlement Administrator will print and mail the Court-approved Notice and Claim Form to all individuals identified as within the Plaintiff Class.  The Settlement Administrator will also email the Court-approved Notice and Claim Form to those individuals for whom an email address is known.  All mailings by the Settlement Administrator shall be by U.S. first-class mail, postage prepaid.  Any Notices and Claim Forms returned to the Settlement Administrator as non-delivered shall be sent to the forwarding addressed affixed thereto.  If no forwarding address is provided, the Settlement Administrator shall attempt to determine a correct address using the last four digits of the individual's Social Security Number and will then attempt to send the Notice to the new address within five days of receiving notification that the Notice was undeliverable.

4.     The Notice, a copy of which is attached as Exhibit A, will inform members of the Plaintiff Class about this Agreement and will advise them of the settlement and their opportunity to file Claim Forms and/or appear at the Final Approval Hearing.

5.     The Settling Parties may, by mutual agreement, make additional communications to the members of the Plaintiff Class after the Notices have been sent to explain the terms of the proposed settlement and answer questions as necessary.

7

D.     Claim Forms.

1.     As a condition for receipt of any monetary relief provided for in this Agreement and in consideration thereof, each Plaintiff Class member will be required to execute and deliver a Claim Form (attached hereto as Exhibit B) to the Settlement Administrator prior to the Claim Deadline.  The Claim Form shall include instructions on how to submit the Claim Form, and shall notify members of the Plaintiff Class that the Claim Form must be validly completed, signed, and postmarked by not later than the Claim Deadline for members of the Plaintiff Class to become Settlement Collective Members, and receive monetary relief.

2.     Twenty days before the Claim Deadline, the Settlement Administrator will send by U.S. first-class mail, and by email to the extent possible, a follow-up notice to all members of the Plaintiff Class who have not responded with a Claim Form, reminding them of the requirement to send a completed Claim Form by the Claim Deadline.  The date of the postmark on the return envelope shall be the exclusive means used to determine whether a member of the Plaintiff Class has timely returned his/her Claim Form.  Claim Forms received by the Settlement Administrator that have been postmarked after the Claim Deadline shall be disregarded, unless otherwise approved by the Settling Parties and the Court.

3.     For purposes of this Agreement, a Claim Form shall be deemed "valid" only if: (1) the Plaintiff Class member has provided on the Claim Form his or her name and the last four digits of his/her Social Security Number; (2) the Plaintiff Class member has dated and signed the Claim Form; and (3) the name and the last four digits of the Social Security Number provided by the Plaintiff Class member on the Claim Form match Defendant's records as provided to the Settlement Administrator.  If any Claim Form is defective as to any of these three requirements, the Settlement Administrator will return the Claim Form to the individual and

inform the individual of the defect(s), and how to correct the defect(s).  The individual then will be given ten days from the date that the Claim Form was mailed back to him/her within which to cure the defect(s) and return the Claim Form to the Settlement Administrator.  If the revised Claim Form is not postmarked within that ten day period, it shall be deemed untimely and the claim will be rejected.

  E. <u>Entry of Final Judgment and Order</u>.  Within five days following the expiration of the Claim Deadline, the Settling Parties shall submit a joint report to the Court from the Settlement Administrator detailing the number and dollar value of the claims submitted by the Settlement Collective Members.  The report to the Court will certify that the Notice and Claims process has been completed in compliance with this Agreement and the Court's Preliminary Approval Order.  In conjunction with this filing, the Settling Parties shall present a Final Judgment and Order of Dismissal with Prejudice to the Court.

  F. <u>Procedure for Payment of Settlement Awards</u>.

   1. All members of the Plaintiff Class who have submitted a valid and timely Claim Form will become Settlement Collective Members, and may receive a Settlement Award. The Settlement Administrator will receive and review the Claim Forms submitted to determine their eligibility for payment and the amount of such payment, if any.  The Settlement Administrator will establish a Settlement Account and pay the Fees Award, Incentive Award, Settlement Administration Costs, and Settlement Awards as specified in Sections III.D.- G. from the Settlement Account.  The Settlement Administrator shall be responsible for all applicable tax withholding, employee contributions, and reporting obligations with respect to the Incentive Award and Settlement Awards.  The Settlement Administrator also will be responsible for mailing Incentive Award and Settlement Award checks to the Named Plaintiff and Settlement

Collective Members.

2.      Settlement Awards for the Settlement Collective Members shall be paid pursuant to the settlement formula set forth in Section III.G. within five business days after the Effective Date.  The Settlement Administrator's determination of eligibility, and the amounts of any Settlement Awards under the terms of this Agreement, shall be conclusive, final, and binding on all parties, including all Settlement Collective Members.

3.      Any checks paid to Settlement Collective Members shall remain valid and negotiable for ninety days from the date of their issuance and shall thereafter be automatically cancelled if not cashed by a Settlement Collective Member, at which point the Settlement Collective Member's claim will be deemed void and of no further force and effect.  To the extent that a Settlement Collective Member is stationed overseas and is unable to deposit his/her check within the ninety-day time-frame, he/she may contact the Settlement Administrator to request the reissuance of his/her check.  Reissuances will be made only where good cause is shown.  Accordingly, *inter alia*, being stationed overseas without the ability to deposit the check shall be considered good cause.  For any checks that are returned with a forwarding address, the Settlement Administrator will send the check to that forwarding address.  For any checks that are returned with no forwarding address, the Settlement Administrator shall attempt to determine a correct address.  If the Settlement Administrator obtains a new address, the check shall be mailed to that new address.

4.      The Settlement Administrator shall provide to Class Counsel and Defendant's counsel weekly status updates as to how many Claim Forms have been filed and how many Notices and Claim Forms have been returned undeliverable.  Upon completion of the administration of the settlement, the Settlement Administrator shall provide written certification

of such completion to the Court and counsel for the Settling Parties.

G.    No Solicitation.  At no time shall any of the Settling Parties or their counsel seek to discourage any members of the Plaintiff Class from submitting a timely Claim Form.

H.    Named Plaintiff's Non-Disparagement Obligations.  The Named Plaintiff agrees not to disparage the settlement to members of the Plaintiff Class or discourage, in any way, members of the Plaintiff Class from timely submitting a Claim Form.

## III.    SETTLEMENT TERMS

A.    Release As To All Settlement Collective Members.

1.    As of the Effective Date, the Settlement Collective Members, including the Named Plaintiff, release Defendant and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties"), from the "Released Claims."

2.    For purposes of this Agreement, the "Released Claims" are defined as all known or unknown claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever arising out of, relating to, or in connection with compensation for any work performed for Defendant including, but not limited to, claims for overtime, travel time, unreported time, reported time, work performed in or outside the United States and the causes of action asserted, or which could have been asserted, in the Litigation, as well as any other alleged violations of federal, state, local, or other wage and hour requirements.  The Released Claims include claims for economic damages, non-economic damages, restitution, penalties, liquidated

11

damages, treble damages, attorneys' fees or costs.

3.     The Released Claims include any unknown claims the Settlement Collective Members do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their settlement with, and release of, the Released Parties.  The Settlement Collective Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts regarding the Released Claims.

4.     The Settlement Collective Members agree not to sue or otherwise make a claim against any of the Released Parties that is any way related to the Released Claims.

B.     Named Plaintiff's General Release.

1.     In addition to the releases made by the Settlement Collective Members, as of the Effective Date, the Named Plaintiff makes the following general release of all claims, known or unknown.  The Named Plaintiff releases the Released Parties from any and all actions, causes of action, suits, debts, claims, complaints, charges, contracts, controversies, agreements, promises, damages, counterclaims, cross-claims, claims for contribution and/or indemnity, claims for costs and/or attorneys' fees, judgments and demands whatsoever, in law or equity,

known or unknown, that the Named Plaintiff ever had, now has, or may have against the Released Parties.  This release includes, but is not limited to, any claims alleging breach of express or implied contract, wrongful discharge, constructive discharge, breach of an implied covenant of good faith and fair dealing, negligent or intentional infliction of emotional distress, negligent supervision or retention, violation of the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, claims pursuant to any other federal, state or local law regarding discrimination, harassment or retaliation based on age, race, sex, religion, national origin, marital status, disability, sexual orientation or any other unlawful basis or protected status or activity, and claims for alleged violation of any other local, state or federal law, regulation, ordinance, public policy or common-law duty having any bearing whatsoever upon the terms and conditions of, and/or the cessation of the Named Plaintiff's employment with and by Defendant.  This release (the "General Release") does not include claims that may not be released under applicable law.

2. The General Release includes any unknown claims the Named Plaintiff does not know or suspect to exist in his favor at the time of the release, which, if known by him, might have affected his settlement with, and release of, the Released Parties.  The Named Plaintiff may hereafter discover facts in addition to or different from those he now knows or believes to be true with respect to the subject matter of the Released Claims, but upon Effective Date, the Named Plaintiff shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever settled and released any and all claims released pursuant to the General Release, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to,

13

conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

      C.    <u>Settlement Fund</u>.  The term "Settlement Fund" shall refer to the maximum gross amount that Defendant may be required to distribute to the Plaintiffs under the terms of this Agreement to settle all claims for back-pay or other compensation in connection with the Litigation.  The Settlement Fund has a maximum possible value of Two Hundred Fifty Thousand One Hundred Fifteen Dollars and Ninety Eight ($250,117.98).  All costs described in Sections III.D. – H. shall be borne by the Settlement Collective Members in the manner set forth below.

      D.    <u>Attorneys' Fees Award and Litigation Costs to be Paid From Settlement Fund</u>. No later than fourteen (14) days prior to the Final Approval Hearing, or at such other time as is requested by the Court, Class Counsel shall file an uncontested petition for attorneys' fees and costs.  Class Counsel, on their own behalf and on behalf of their local counsel, represent and agree that: (1) they will seek no more than 33.3% of the Settlement Fund ($83,288.62) (the "Fees Award") in attorneys' fees; and (2) they will seek reimbursement of Litigation Costs incurred up to the Court's entry of the Final Judgment and Order.  The Settling Parties agree that the Fees Award and Litigation Costs shall be paid out of the Settlement Fund prior to the distribution of any monetary relief to the Settlement Collective Members.  Defendant agrees that it will not oppose any petition for an award of attorneys' fees and costs up to and including the amounts set forth above.  Except as provided for herein, Class Counsel shall not be permitted to petition the Court for, or accept, any additional payments for fees, costs, or interest, and the Fees Award shall be for all claims for attorneys' fees and costs past, present, and future incurred in the Litigation.  Payment of the Fees Award and Litigation Costs to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for

14

attorneys' fees, expenses or costs in the Litigation incurred by any attorney on behalf of the Named Plaintiff and/or the Plaintiff Class.  Furthermore, said payment shall relieve Defendant, the Settlement Administrator, the Settlement Fund, and Defendant's counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Named Plaintiff and/or the Plaintiff Class and/or in connection with the Litigation.  Class Counsel's application for attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of this Agreement.

E.  <u>Cost of Settlement Administrator</u>.  The costs incurred in administering this Agreement ("Settlement Administration Costs") including, but not limited to, the fees and expenses associated with the Settlement Administrator, shall be paid from the Settlement Fund prior to the distribution of any monetary relief to the Settlement Collective Members.

F.  <u>Incentive Award</u>.  Class Counsel shall seek, and Defendant will not oppose, an Incentive Award to the sole Named Plaintiff in recognition of his services performed for the benefit of the Settlement Collective Members.  This Incentive Award shall be in addition to the distributions received by the Named Plaintiff from the Settlement Fund, determined in accordance with the allocation methodology set forth in Section III.G.  Defendant will not oppose the amount of $2,500 as an Incentive Award to Named Plaintiff Michael Lewis.

G.  <u>Allocation of Settlement Fund</u>

1.  The following payments shall be deducted from the Settlement Fund prior to any distribution to the Settlement Collective Members: (a) the Fees Award to Class Counsel, in an amount not to exceed $83,288.62; (b) the Litigation Costs; (c) the Incentive Award to the Named Plaintiff, in the amount of $2,500; and (d) the Settlement Administration Costs.  The

Total Payout Fund shall consist of the Settlement Fund, less these deductions.

2.     The Settlement Awards to the individual Settlement Collective Members will be computed as follows.  First, each Settlement Collective Member will be guaranteed a minimum payment (the "Individual Minimum Payment").  The Individual Minimum Payment is as follows: (a) $500.00 for each Settlement Collective Member who worked for Defendant for a period less than one year; and (b) $1,000.00 for each Settlement Collective Member who worked for Defendant for a period greater than one year.  This Individual Minimum Payment is paid to Settlement Collective Member specifically in exchange for the Settlement Collective Member's release of claims related to: (a) the alleged improper "rounding of time" mandate when recording work hours; (b) the alleged failure to maintain start times and finish times in the time sheets; (c) the alleged failure to calculate time worked and pay by "workweek"; (d) the alleged failure to include compensable travel time as part of work hours; (e) the alleged improper travel time policy; and (f) the alleged instruction from management to only record 8 hours per day worked though more than 8 hours per day were worked.  The issuance of this Individual Minimum Payment does not constitute an admission by Defendant that it engaged in any wrongdoing or is otherwise liable for the issues described in this paragraph.  Defendant expressly denies liability with respect to these issues.

3.     In addition to the Individual Minimum Payment, each Settlement Collective Member will be paid an Overtime Award.  The Overtime Award for each Settlement Collective Member will be computed by multiplying his/her number of overtime hours (performed within the United States) between July 15, 2012 and July 15, 2015 by one-half times his/her hourly rate and adding an equal amount from the resulting calculation as liquidated damages.  Defendant's records for each Settlement Collective Member—which Class Counsel

and the Settlement Administrator may review—shall be dispositive.  Together, Class Counsel and Defendant's will calculate the Gross Overtime Awards (which is the sum of the Individual Minimum Payment and the Overtime Award) for each Settlement Collective Member, and will provide those numbers to the Settlement Administrator.  If the sum of all of the Gross Overtime Awards (the "Total Gross Overtime Sum") is less than the Total Payout Fund, the remainder shall revert to Defendant.  If the Total Gross Overtime Sum is greater than the Total Payout Fund, each Settlement Collective Member's Gross Overtime Award payment will be reduced on a pro rata basis, as follows.  First, the difference between the Total Gross Overtime Sum and the Total Payout Fund will result in a Total Overtime Overage.  Each Settlement Collective Member's respective Gross Overtime Award shall be divided by the Total Gross Overtime Sum, resulting in an Overtime Percentage Share for each Settlement Collective Member.  Each Settlement Collective Member will receive as his/her Gross Overtime Award his/her Gross Overtime Amount, reduced by the product of his/her Overtime Percentage Share and the Total Overtime Overage.

H.     Operation of Settlement Fund.

1.     The Settlement Administrator shall be responsible for all employee tax withholding, employee contributions, and reporting obligations with respect to the Settlement Awards.  Deductions from the Total Settlement Awards will be made for state and federal taxes and any other applicable payroll deductions owed by the Settlement Collective Members as a result of the payments.  This will result in a Net Settlement Amount ("Settlement Award") to be made to the Settlement Collective Member.

2.     The Settlement Administrator will calculate the Settlement Awards to be paid to the Settlement Collective Members from the Total Payout Fund in accordance with the

terms and provisions of this Agreement.

       3.    The Settlement Administrator shall have the authority and obligation to make payments, and credits and disbursements, to Settlement Collective Members from the Total Payout Fund in accordance with the methodology set out in this Agreement.

       4.    To the extent that any tax returns must be filed or tax forms issued for the Settlement Fund pursuant to this Agreement, the Settlement Administrator will cause to be timely and properly filed and issued all tax returns and tax forms, if any, necessary with respect to the Settlement Fund.

       5.    No person or entity shall have any claim against Defendant, Defendant's counsel, the Named Plaintiff, members of the Plaintiff Class, Settlement Collective Members, Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with this Agreement.

       6.    The maximum amount that Defendant can be required to pay to the Plaintiffs under this Agreement for any purpose is the amount of the Settlement Fund.

## IV.    ADDITIONAL TERMS

    A.    <u>No Effect on Employee Benefits</u>.  The Incentive Award and Settlement Awards paid to the Named Plaintiff and the Settlement Collective Members shall be deemed not to be eligible compensation for purposes of any employee benefit plan, program or arrangement and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (*e.g.*, vacation, holiday pay, retirement plan benefits or contributions, etc.) of the respective Named Plaintiff and the Settlement Collective Members.  The Settling Parties agree that any Incentive Award and Settlement Awards paid to the Named Plaintiff and the Settlement Collective Members under the terms of this Agreement do not represent any modification of the

Named Plaintiff's or Settlement Collective Members' previously credited hours of service, accrued benefit or other eligibility criteria, under any employee pension benefit plan, employee welfare benefit plan or other employee benefit program or arrangements sponsored or maintained by Defendant.

B.  <u>Verification Requests</u>.  To the extent that Defendant receives a request to verify the employment of the Named Plaintiff, that request must be in writing.  In response to such a written request, Defendant hereby agrees that it will only release the following information: the Named Plaintiff's (1) dates of employment, and (2) business title.  No other information regarding the Named Plaintiff's employment with Defendant will be provided.

C.  <u>Nullification of Settlement Agreement</u>.  In the event that the Court (1) does not approve the Agreement as provided herein; (2) does not enter a Preliminary Approval Order; (3) does not enter a Final Judgment and Order which becomes final as a result of the occurrence of the Effective Date; or (4) the Agreement does not become final for any other reason, this Agreement shall be null and void.  In such a case, the Settling Parties will proceed in all respects as if this Agreement had not been executed and Defendant will not make any payments under this Agreement.  In the event that an appeal is filed from the Court's Final Judgment and Order, or any other appellate review is sought prior to the Effective Date, administration of the settlement shall be stayed pending final resolution of the appeal or other appellate review.

D.  <u>Mutual Full Cooperation</u>.  The Settling Parties agree to cooperate fully with each other to accomplish the terms of this Agreement.  Such cooperation shall include taking all necessary steps to secure the entry by the Court of a Final Judgment and Order approving this Agreement.

E.  <u>Parties' Authority</u>.  The signatories hereby represent that they are fully authorized

19

to enter into this Agreement and bind the Settling Parties hereto to the terms and conditions hereof.

F.    <u>Privacy of Documents and Information</u>.  The Named Plaintiff and Class Counsel agree that prior to the Court's entry of a Final Judgment and Order, they will not disclose to any third parties or use for any purpose documents and information obtained in the course of the Litigation, including information exchanged pursuant to settlement discussions, except that this section shall not apply in any action to enforce or interpret the terms of this Agreement, and also shall not apply to the extent that any party is required by subpoena or other legal process to disclose such information.  After the Court's entry of a Final Judgment and Order approving this Agreement, all documents and information provided to Class Counsel in connection with the Litigation and in connection with settlement discussions, if in tangible form, shall be destroyed or returned to Defendant.

G.    <u>Publicity</u>.  Class Counsel agrees that prior to the entry of the Court's Preliminary Approval Order, they will keep confidential the terms of this Agreement except for the purpose of communicating with the Named Plaintiff and the Court.  The Named Plaintiff shall be informed that the Agreement is confidential, and shall be advised to keep the Agreement confidential until the Agreement receives Preliminary Approval.  Prior to the Court's entry of a Preliminary Approval Order, Class Counsel may not communicate the terms of this Agreement to members of the Plaintiff Class.

H.    <u>Amendment or Modification</u>.  This Agreement may be amended or modified only by a written instrument signed by counsel for all the Settling Parties or their successors-in-interest.

I.    <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement among the

20

Settling Parties, and no oral or written representations, or warranties or inducements have been made to any party concerning this Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.

      J.      Binding on Successors and Assigns.  This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Settling Parties hereto.

      K.      Governing Law.   All terms of this Agreement shall be governed by and interpreted according to the laws of the State of Maryland.

      L.      Continuing Jurisdiction.  After the Court enters a Final Judgment and Order, it shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement, and all orders and judgments entered in connection therewith.  The Settling Parties hereby submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Agreement, and all orders and judgments entered in connection therewith.

      IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of this date indicated below:

COUNSEL FOR THE NAMED PLAINTIFF AND THE PLAINTIFF CLASS:

 /s/  Peter R. Rosenzweig _____      \_\_March 28, 2016_____
Peter R. Rosenzweig, Esq.                  Dated
KLEINBARD LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
(267) 443-4120
prosenzweig@kleinbard.com

COUNSEL FOR NEANY, INC.:


 /s/  Michael J. Neary                                          __March 28, 2016_____
Michael J. Neary, Esq.                                        Dated
LERCH, EARLY & BREWER, CHTD.
3 Bethesda Metro Center, Suite 460
Bethesda, MD 20814
(301) 657-0740
mjneary@lerchearly.com

# EXHIBIT

# "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **MICHAEL A. LEWIS** | ) | |
| Individually and on Behalf of All | ) | |
| Others Similarly Situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: 8:15-cv-02068-TDC |
| **NEANY, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF PROPOSED FLSA COLLECTIVE ACTION SETTLEMENT AND HEARING

**ATTENTION:** All current and former employees of Neany, Inc. who have worked as a UAV Technician (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist) and performed work as such within the United States at any time between July 15, 2012 and July 15, 2015.

## PLEASE READ THIS NOTICE CAREFULLY.

**You may be entitled to money from a settlement proposed in a lawsuit that is currently pending in the United States District Court for the District of Maryland if: (1) you worked for Neany, Inc. as a UAV Technician (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist) and performed work as such within the United States at any time between July 15, 2012 and July 15, 2015; and (2) you complete and return the enclosed Claim Form by the Claim Deadline.**

## I.    INTRODUCTION

On July 15, 2015, Plaintiff Michael A. Lewis filed this lawsuit as a putative collective action under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 *et seq.*, and as a putative Rule 23 class action under the Arizona Minimum Wage Act ("AMWA"), *see* A.R.S. § 23-350, *et seq.* (herein referred to as the "FLSA Collective Action"). The FLSA Collective

Action alleges that Defendant failed to pay certain overtime compensation to "similarly situated" current and former UAV Technicians ("UAV Techs").    In the FLSA Collective Action Complaint, Plaintiff Lewis claims that he and other allegedly "similarly situated" UAV Techs were improperly classified as exempt under the FLSA and, thus, denied time-and-a-half overtime compensation to which they are entitled for work performed in excess of 40 hours in a workweek.

Defendant answered the Complaint, denying all material allegations and asserting a number of affirmative defenses, *i.e.*, that the Plaintiffs are not entitled to overtime compensation for any work they performed outside the United States, and that, with respect to work performed in the United States, they are exempt from the FLSA's overtime requirements under various exemptions.

Defendant continues to deny any liability or wrongdoing, and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the FLSA Collective Action.  However, to avoid the burden, expense, inconvenience, and uncertainty of proceeding with the litigation through trial, Defendant has concluded that it is in its best interests to resolve and settle the FLSA Collective Action.

After engaging in lengthy discovery and settlement negotiations over the course of several months, the parties have reached an agreement to settle the FLSA Collective Action (the "Proposed Settlement"), which is subject to approval by the Court.

The purpose of this Notice is to inform you of the terms of the Proposed Settlement and of your rights and options in connection with the Proposed Settlement.   If approved, the Proposed Settlement will resolve all claims in the FLSA Collective Action for those persons who elect to participate in the Proposed Settlement as members of the Plaintiff Class.

**A hearing will be held to determine whether the Proposed Settlement should be approved.  In order to participate in the Proposed Settlement, you must fill out and return to the Settlement Administrator (identified in Section IV below) the attached Claim Form, postmarked on or before the Claim Deadline of _____, 2016.**

This Notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party to the FLSA Collective Action.

## II.    THE REASON YOU HAVE RECEIVED THIS NOTICE

You have received this Notice because Defendant Neany's records indicate that you may be eligible to participate in the Proposed Settlement as a member of the Plaintiff Class.   The Proposed Settlement defines the "Plaintiff Class" as:

*All current and former employees of Neany, Inc. who have worked as a UAV Technician (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist) and performed work as*

*such within the United States at any time between July 15, 2012 and July 15, 2015.*

If you meet this definition, and you timely submit a valid, completed Claim Form in accordance with the instructions outlined in Section IV of this Notice, you will be entitled to receive payment under the terms of the Proposed Settlement, and you will fully release Defendant Neany from any claim included within the scope of the Release described in Section VI.

If you do not timely submit a completed Claim Form, you will forfeit your opportunity to receive a settlement payment, but you will not release Defendant Neany from any claims.

## III.    SUMMARY OF RELIEF PROVIDED BY THE PROPOSED SETTLEMENT

For purposes of settlement, and without admitting any liability or wrongdoing, Defendant Neany has agreed to provide certain relief to members of the Plaintiff Class who submit Claim Forms in accordance with the procedures described in Section IV of this Notice.  The following represents only a summary of the relief contained in the Proposed Settlement.  If you would like to obtain a copy of the full Proposed Settlement, you are advised to contact counsel for the Plaintiff Class ("Class Counsel") (identified in Section IV below).  In the event that there are conflicts between this Notice and the Proposed Settlement, the terms of the Proposed Settlement shall govern.

The relief granted by the Proposed Settlement is summarized as follows:

1.    The total amount to be made available by Defendant Neany (the "Settlement Fund") has a maximum value of Two Hundred Fifty Thousand One Hundred Fifteen Dollars and Ninety Eight Cents ($250,115.98), subject to deductions explained below.

2.    If you choose to participate and the Proposed Settlement is approved by the Court, you will receive a minimum payment (the "Individual Minimum Payment").  The Individual Minimum Payment is as follows: (a) $500.00 if you worked for Defendant for a period less than one year; or (b) $1,000.00 if you worked for Defendant for a period greater than one year.

3.    In addition to the Individual Minimum Payment, each Plaintiff Class member will receive a payment based on the amount of overtime that he/she worked as a UAV Technician in the United States between July 15, 2012 and July 15, 2015. Specifically, each Plaintiff Class member's payment will be computed by multiplying his/her number of overtime hours (performed within the United States) between July 15, 2012 and July 15, 2015 by one-half times his/her hourly rate.  The number of such overtime hours which for each UAV Technician will be determined by Defendant Neany's records.   If the sum of these payments is greater than the available amount of the Settlement Fund, each Plaintiff Class

member will receive a pro rata share of the Settlement Fund.

4.      Based upon the equitable formula of the Proposed Settlement, there may be substantial differences among the settlement amounts to be received by the members of the Plaintiff Class. This is because the settlement amounts are based on the number of overtime hours each member of the Plaintiff Class worked in the United States during the relevant time-frame.

5.      The Settlement Administrator will make all legally mandated payroll deductions from any payments paid to you, as set forth in the Proposed Settlement.

6.      You are not required to pay any portion of the attorneys' fees and costs of either party. Under the terms of the Proposed Settlement, Class Counsel's fees and costs will be paid from the Settlement Fund. Class Counsel has requested an award of attorneys' fees equal to 33.3% of the Settlement Fund, or an amount not to exceed $83,288.62. The requested costs for the entire lawsuit are $1,575.50.

7.      Class Counsel has also requested that the Court approve an additional incentive award from the Settlement Fund to Michael A. Lewis (the "Named Plaintiff"). Specifically, Class Counsel has requested an incentive award to the Named Plaintiff in the amount of $2,500.

8.      The Proposed Settlement also calls for the Settlement Administrator to be paid from the Settlement Fund. The Settlement Administrator's expenses are estimated to be approximately $5,000 and encompasses its services for providing this Notice to all members of the Plaintiff Class, receiving any Opt-In forms, calculating all settlement payments, and preparing/providing the settlement checks.

## IV.    YOUR RIGHTS AND OPTIONS

If you want to participate in the Proposed Settlement and receive money if the Proposed Settlement is approved, you must complete, sign, and date the enclosed Claim Form and mail it to the Settlement Administrator at the following address:

**Angeion Group**
**1801 Market Street**
**Suite 660**
**Philadelphia, PA 19103**
**215-563-4116**

The envelope containing your completed, signed, and dated Claim Form must be postmarked on or before _____ 2016. By submitting a timely and complete Claim Form, you agree to be bound by all of the provisions of the Proposed Settlement, including a full release of claims that will prevent you from separately suing Defendant Neany,

4

its past or present officers, directors, employees, or any other related persons or entities for the matters being settled in this case. The release is described more fully in Section VI below.

Any member of the Plaintiff Class who does not submit a timely and complete Claim Form will not receive a share of the monetary recovery provided by the Proposed Settlement. Any member of the Plaintiff Class who believes that the Proposed Settlement should not be approved by the Court for any reason, or who objects to the proposed incentive award to the Named Plaintiff or the proposed award of attorneys' fees and costs to Class Counsel, should (1) submit a complete and timely Claim Form, and (2) file written objections with the Court, stating the basis of any objection, prior to the settlement hearing. Any such person may also appear and be heard at the settlement hearing, but need not do so if a written objection is filed with the Court in advance.

Unless you elect otherwise (as explained in Section V below), you will be represented in this matter, at no cost to you, by Class Counsel:

Peter R. Rosenzweig, Esq.
KLEINBARD LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
(267) 443-4120
prosenzweig@kleinbard.com

If you have any questions concerning the Proposed Settlement, or this Notice, or if you lose, misplace, or need another Claim Form, you may contact Class Counsel.

## V.     SETTLEMENT HEARING

On _____, 2016, at _____ p.m., a settlement hearing will be held before the Honorable Theodore D. Chuang of the United States District Court for the District of Maryland, located at 6500 Cherrywood Lane, Greenbelt, Maryland, 20770. At that hearing, the Court will decide whether to approve the Proposed Settlement.

Any member of the Plaintiff Class who has submitted a valid and timely Claim Form may be heard at that hearing by either appearing in person or by filing written objections in advance with the Court, as described above. Any attorney who intends to represent an individual Plaintiff objecting to the Proposed Settlement and any Plaintiff who wishes to proceed *pro se* (*i.e.*, to represent him or herself and not be represented by Class Counsel) must file a notice of appearance with the Court on or before _____, 2016.

Any member of the Plaintiff Class who submits a complete and timely Claim Form and is satisfied with the Proposed Settlement need not appear at the settlement hearing. Any member of the Plaintiff Class who submits a complete and timely Claim Form will be permitted to

withdraw at any point prior to approval of the settlement by filing written notice with the Court or by appearing and being heard at the settlement hearing.

## VI.   RELEASE

If you timely submit a Claim Form, you will fully and finally release Defendant Neany and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties"), from all known or unknown claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever arising out of, relating to, or in connection with compensation for any work performed for Defendant Neany, including, but not limited to, claims for overtime, travel time, unreported time, reported time, work performed in the United States, and the causes of action asserted, or which could have been asserted, in this FLSA Collective Action, as well as any other alleged violations of federal, state, local, or other wage and hour requirements (the "Released Claims"). The Released Claims include claims for economic damages, non-economic damages, restitution, penalties, liquidated damages, attorneys' fees or costs.

The Released Claims include any unknown claims that you do not know or suspect to exist in your favor at the time of the release, which, if known, might have affected your settlement with, and release of, the Released Parties. You may hereafter discover facts in addition to or different from those you now know or believe to be true with respect to the subject matter of the Released Claims, but you shall be deemed to have fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts regarding the Released Claims.

This waiver and release of claims shall be binding on all members of the Plaintiff Class who timely submit a Claim Form, including each of their respective attorneys, agents, spouses, executors, representatives, guardians ad litem, heirs, successors, and assigns.

## VII.   NO RETALIATION OR UNDUE INFLUENCE PERMITTED

Federal law prohibits employers from retaliating against employees who exercise their rights under federal wage and hour laws. In the event that you feel you have been threatened or coerced to participate or not participate in the Proposed Settlement, or retaliated against for electing to participate or not participate, you should immediately contact Class Counsel at the phone number listed above in Section IV.

## VIII.   ADDITIONAL INFORMATION

All inquiries regarding this Notice and/or the Proposed Settlement, including the amounts estimated to be payable if the Proposed Settlement is approved, should be directed to Class Counsel.

**PLEASE DO NOT CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THE PROPOSED SETTLEMENT OR CLAIM PROCESS.**

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | |
|---|---|
| **MICHAEL A. LEWIS** | ) |
| Individually and on Behalf of All | ) |
| Others Similarly Situated | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No.: 8:15-cv-02068-TDC |
| **NEANY, INC.** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## CLAIM, WAIVER, RELEASE AND CONSENT TO JOIN
## FLSA COLLECTIVE ACTION FORM

INSTRUCTIONS:

1.   Please complete, sign, and mail this form to share in the recovery and consent to join this FLSA Collective Action.

2.   If you move, please send us your new address.

3.   Please do not send any supporting documentation at this time.  If such documentation is deemed necessary, a separate request will be sent to you directly.

4.   If found eligible, you should not expect to receive any payment until approximately _____, 2016.


PLEASE TYPE OR PRINT:

Name (First, Middle, Last): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Former Names (If Any): _____

Last Four Digits of Social Security Number: _____

Neany Employee ID # (If Known): _____

**YOU MUST <u>COMPLETE</u>, <u>SIGN</u>, AND <u>MAIL</u> THIS FORM BY U.S. FIRST CLASS MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, 2016, ADDRESSED AS FOLLOWS, IN ORDER TO SHARE IN THE MONETARY RECOVERY FROM THIS FLSA COLLECTIVE ACTION.**

---

**MAIL TO:**
**Angeion Group**
**1801 Market Street**
**Suite 660**
**Philadelphia, PA 19103**

---

I declare under penalty of perjury that the foregoing is true and correct and that I was employed by Neany, Inc. as a UAV Technician (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist) in the United States between July 15, 2012 and July 15, 2015.

By signing below, I understand that I am agreeing to fully and finally release Defendant Neany and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties"), from all known or unknown claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever arising out of, relating to, or in connection with compensation for any work performed for Defendant Neany, including, but not limited to, claims for overtime, travel time, unreported time, reported time, work performed in the United States, and the causes of action asserted, or which could have been asserted, in this FLSA Collective Action, as well as any other alleged violations of federal, state, local, or other wage and hour requirements (the "Released Claims"). The Released Claims include claims for economic damages, non-economic damages, restitution, penalties, liquidated damages, attorneys' fees or costs.

The Released Claims include any unknown claims that I do not know or suspect to exist in my favor at the time of the release, which, if known, might have affected my settlement with, and release of, the Released Parties. I may hereafter discover facts in addition to or different

2

from those I now know or believe to be true with respect to the subject matter of the Released Claims, but I shall be deemed to have fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts regarding the Released Claims.

I understand this waiver and release of claims shall be binding on me, as well as all my attorneys, agents, spouses, executors, representatives, guardians ad litem, heirs, successors, and assigns.

I have reviewed the Notice and this Claim Form and I hereby consent to join this FLSA Collective Action and have the Named Plaintiff and Class Counsel represent me in this action pursuant to 29 U.S.C. § 216(b).

_____          _____
*(Signature)*                      *(Date)*

# EXHIBIT

# "3"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **MICHAEL A. LEWIS** | ) | |
| Individually and on Behalf of All | ) | |
| Others Similarly Situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: 8:15-cv-02068-TDC |
| **NEANY, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF PROPOSED FLSA COLLECTIVE ACTION SETTLEMENT AND HEARING

**ATTENTION:**   All current and former employees of Neany, Inc. who have worked as a UAV Technician (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist) and performed work as such within the United States at any time between July 15, 2012 and July 15, 2015.

## PLEASE READ THIS NOTICE CAREFULLY.

**You may be entitled to money from a settlement proposed in a lawsuit that is currently pending in the United States District Court for the District of Maryland if:  (1) you worked for Neany, Inc. as a UAV Technician (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist) and performed work as such within the United States at any time between July 15, 2012 and July 15, 2015; and (2) you complete and return the enclosed Claim Form by the Claim Deadline.**

## I.     INTRODUCTION

On July 15, 2015, Plaintiff Michael A. Lewis filed this lawsuit as a putative collective action under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 *et seq.*, and as a putative Rule 23 class action under the Arizona Minimum Wage Act ("AMWA"), *see* A.R.S. § 23-350, *et seq.* (herein referred to as the "FLSA Collective Action").  The FLSA Collective

Action alleges that Defendant failed to pay certain overtime compensation to "similarly situated" current and former UAV Technicians ("UAV Techs"). In the FLSA Collective Action Complaint, Plaintiff Lewis claims that he and other allegedly "similarly situated" UAV Techs were improperly classified as exempt under the FLSA and, thus, denied time-and-a-half overtime compensation to which they are entitled for work performed in excess of 40 hours in a workweek.

Defendant answered the Complaint, denying all material allegations and asserting a number of affirmative defenses, *i.e.*, that the Plaintiffs are not entitled to overtime compensation for any work they performed outside the United States, and that, with respect to work performed in the United States, they are exempt from the FLSA's overtime requirements under various exemptions.

Defendant continues to deny any liability or wrongdoing, and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the FLSA Collective Action. However, to avoid the burden, expense, inconvenience, and uncertainty of proceeding with the litigation through trial, Defendant has concluded that it is in its best interests to resolve and settle the FLSA Collective Action.

After engaging in lengthy discovery and settlement negotiations over the course of several months, the parties have reached an agreement to settle the FLSA Collective Action (the "Proposed Settlement"), which is subject to approval by the Court.

The purpose of this Notice is to inform you of the terms of the Proposed Settlement and of your rights and options in connection with the Proposed Settlement. If approved, the Proposed Settlement will resolve all claims in the FLSA Collective Action for those persons who elect to participate in the Proposed Settlement as members of the Plaintiff Class.

**A hearing will be held to determine whether the Proposed Settlement should be approved. In order to participate in the Proposed Settlement, you must fill out and return to the Settlement Administrator (identified in Section IV below) the attached Claim Form, postmarked on or before the Claim Deadline of _____, 2016.**

This Notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party to the FLSA Collective Action.

## II.    THE REASON YOU HAVE RECEIVED THIS NOTICE

You have received this Notice because Defendant Neany's records indicate that you may be eligible to participate in the Proposed Settlement as a member of the Plaintiff Class. The Proposed Settlement defines the "Plaintiff Class" as:

> *All current and former employees of Neany, Inc. who have worked as a UAV Technician (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist) and performed work as*

*such within the United States at any time between July 15, 2012 and July 15, 2015.*

If you meet this definition, and you timely submit a valid, completed Claim Form in accordance with the instructions outlined in Section IV of this Notice, you will be entitled to receive payment under the terms of the Proposed Settlement, and you will fully release Defendant Neany from any claim included within the scope of the Release described in Section VI.

If you do not timely submit a completed Claim Form, you will forfeit your opportunity to receive a settlement payment, but you will not release Defendant Neany from any claims.

## III.    SUMMARY OF RELIEF PROVIDED BY THE PROPOSED SETTLEMENT

For purposes of settlement, and without admitting any liability or wrongdoing, Defendant Neany has agreed to provide certain relief to members of the Plaintiff Class who submit Claim Forms in accordance with the procedures described in Section IV of this Notice. The following represents only a summary of the relief contained in the Proposed Settlement. If you would like to obtain a copy of the full Proposed Settlement, you are advised to contact counsel for the Plaintiff Class ("Class Counsel") (identified in Section IV below). In the event that there are conflicts between this Notice and the Proposed Settlement, the terms of the Proposed Settlement shall govern.

The relief granted by the Proposed Settlement is summarized as follows:

1.    The total amount to be made available by Defendant Neany (the "Settlement Fund") has a maximum value of Two Hundred Fifty Thousand One Hundred Fifteen Dollars and Ninety Eight Cents ($250,115.98), subject to deductions explained below.

2.    If you choose to participate and the Proposed Settlement is approved by the Court, you will receive a minimum payment (the "Individual Minimum Payment"). The Individual Minimum Payment is as follows: (a) $500.00 if you worked for Defendant for a period less than one year; or (b) $1,000.00 if you worked for Defendant for a period greater than one year.

3.    In addition to the Individual Minimum Payment, each Plaintiff Class member will receive a payment based on the amount of overtime that he/she worked as a UAV Technician in the United States between July 15, 2012 and July 15, 2015. Specifically, each Plaintiff Class member's payment will be computed by multiplying his/her number of overtime hours (performed within the United States) between July 15, 2012 and July 15, 2015 by one-half times his/her hourly rate. The number of such overtime hours which for each UAV Technician will be determined by Defendant Neany's records. If the sum of these payments is greater than the available amount of the Settlement Fund, each Plaintiff Class

member will receive a pro rata share of the Settlement Fund.

4.      Based upon the equitable formula of the Proposed Settlement, there may be substantial differences among the settlement amounts to be received by the members of the Plaintiff Class. This is because the settlement amounts are based on the number of overtime hours each member of the Plaintiff Class worked in the United States during the relevant time-frame.

5.      The Settlement Administrator will make all legally mandated payroll deductions from any payments paid to you, as set forth in the Proposed Settlement.

6.      You are not required to pay any portion of the attorneys' fees and costs of either party. Under the terms of the Proposed Settlement, Class Counsel's fees and costs will be paid from the Settlement Fund. Class Counsel has requested an award of attorneys' fees equal to 33.3% of the Settlement Fund, or an amount not to exceed $83,288.62. The requested costs for the entire lawsuit are $1,575.50.

7.      Class Counsel has also requested that the Court approve an additional incentive award from the Settlement Fund to Michael A. Lewis (the "Named Plaintiff"). Specifically, Class Counsel has requested an incentive award to the Named Plaintiff in the amount of $2,500.

8.      The Proposed Settlement also calls for the Settlement Administrator to be paid from the Settlement Fund. The Settlement Administrator's expenses are estimated to be approximately $5,000 and encompasses its services for providing this Notice to all members of the Plaintiff Class, receiving any Opt-In forms, calculating all settlement payments, and preparing/providing the settlement checks.

## IV.     YOUR RIGHTS AND OPTIONS

If you want to participate in the Proposed Settlement and receive money if the Proposed Settlement is approved, you must complete, sign, and date the enclosed Claim Form and mail it to the Settlement Administrator at the following address:

**Angeion Group**
**1801 Market Street**
**Suite 660**
**Philadelphia, PA 19103**
**215-563-4116**

The envelope containing your completed, signed, and dated Claim Form must be postmarked on or before _____ 2016. By submitting a timely and complete Claim Form, you agree to be bound by all of the provisions of the Proposed Settlement, including a full release of claims that will prevent you from separately suing Defendant Neany,

its past or present officers, directors, employees, or any other related persons or entities for the matters being settled in this case. The release is described more fully in Section VI below.

Any member of the Plaintiff Class who does not submit a timely and complete Claim Form will not receive a share of the monetary recovery provided by the Proposed Settlement. Any member of the Plaintiff Class who believes that the Proposed Settlement should not be approved by the Court for any reason, or who objects to the proposed incentive award to the Named Plaintiff or the proposed award of attorneys' fees and costs to Class Counsel, should (1) submit a complete and timely Claim Form, and (2) file written objections with the Court, stating the basis of any objection, prior to the settlement hearing. Any such person may also appear and be heard at the settlement hearing, but need not do so if a written objection is filed with the Court in advance.

Unless you elect otherwise (as explained in Section V below), you will be represented in this matter, at no cost to you, by Class Counsel:

Peter R. Rosenzweig, Esq.
KLEINBARD LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
(267) 443-4120
prosenzweig@kleinbard.com

If you have any questions concerning the Proposed Settlement, or this Notice, or if you lose, misplace, or need another Claim Form, you may contact Class Counsel.


## V.    SETTLEMENT HEARING

On _____, 2016, at _____ p.m., a settlement hearing will be held before the Honorable Theodore D. Chuang of the United States District Court for the District of Maryland, located at 6500 Cherrywood Lane, Greenbelt, Maryland, 20770. At that hearing, the Court will decide whether to approve the Proposed Settlement.

Any member of the Plaintiff Class who has submitted a valid and timely Claim Form may be heard at that hearing by either appearing in person or by filing written objections in advance with the Court, as described above. Any attorney who intends to represent an individual Plaintiff objecting to the Proposed Settlement and any Plaintiff who wishes to proceed *pro se* (*i.e.*, to represent him or herself and not be represented by Class Counsel) must file a notice of appearance with the Court on or before _____, 2016.

Any member of the Plaintiff Class who submits a complete and timely Claim Form and is satisfied with the Proposed Settlement need not appear at the settlement hearing. Any member of the Plaintiff Class who submits a complete and timely Claim Form will be permitted to

withdraw at any point prior to approval of the settlement by filing written notice with the Court or by appearing and being heard at the settlement hearing.

## VI.    RELEASE

If you timely submit a Claim Form, you will fully and finally release Defendant Neany and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties"), from all known or unknown claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever arising out of, relating to, or in connection with compensation for any work performed for Defendant Neany, including, but not limited to, claims for overtime, travel time, unreported time, reported time, work performed in the United States, and the causes of action asserted, or which could have been asserted, in this FLSA Collective Action, as well as any other alleged violations of federal, state, local, or other wage and hour requirements (the "Released Claims"). The Released Claims include claims for economic damages, non-economic damages, restitution, penalties, liquidated damages, attorneys' fees or costs.

The Released Claims include any unknown claims that you do not know or suspect to exist in your favor at the time of the release, which, if known, might have affected your settlement with, and release of, the Released Parties. You may hereafter discover facts in addition to or different from those you now know or believe to be true with respect to the subject matter of the Released Claims, but you shall be deemed to have fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts regarding the Released Claims.

This waiver and release of claims shall be binding on all members of the Plaintiff Class who timely submit a Claim Form, including each of their respective attorneys, agents, spouses, executors, representatives, guardians ad litem, heirs, successors, and assigns.

## VII.   NO RETALIATION OR UNDUE INFLUENCE PERMITTED

Federal law prohibits employers from retaliating against employees who exercise their rights under federal wage and hour laws. In the event that you feel you have been threatened or coerced to participate or not participate in the Proposed Settlement, or retaliated against for electing to participate or not participate, you should immediately contact Class Counsel at the phone number listed above in Section IV.

## VIII.   ADDITIONAL INFORMATION

All inquiries regarding this Notice and/or the Proposed Settlement, including the amounts estimated to be payable if the Proposed Settlement is approved, should be directed to Class Counsel.


**PLEASE DO NOT CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THE PROPOSED SETTLEMENT OR CLAIM PROCESS.**

# EXHIBIT

# "4"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | | |
|---|---|---|
| **MICHAEL A. LEWIS** | ) | |
| Individually and on Behalf of All | ) | |
| Others Similarly Situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: 8:15-cv-02068-TDC |
| **NEANY, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CLAIM, WAIVER, RELEASE AND CONSENT TO JOIN
## FLSA COLLECTIVE ACTION FORM

INSTRUCTIONS:

1.  Please complete, sign, and mail this form to share in the recovery and consent to join this FLSA Collective Action.

2.  If you move, please send us your new address.

3.  Please do not send any supporting documentation at this time.  If such documentation is deemed necessary, a separate request will be sent to you directly.

4.  If found eligible, you should not expect to receive any payment until approximately _____, 2016.

PLEASE TYPE OR PRINT:

Name (First, Middle, Last): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Former Names (If Any): _____

Last Four Digits of Social Security Number: _____

Neany Employee ID # (If Known): _____

**YOU MUST <u>COMPLETE</u>, <u>SIGN</u>, AND <u>MAIL</u> THIS FORM BY U.S. FIRST CLASS MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, 2016, ADDRESSED AS FOLLOWS, IN ORDER TO SHARE IN THE MONETARY RECOVERY FROM THIS FLSA COLLECTIVE ACTION.**

| |
|---|
| **MAIL TO:**<br>**Angeion Group**<br>**1801 Market Street**<br>**Suite 660**<br>**Philadelphia, PA 19103** |

I declare under penalty of perjury that the foregoing is true and correct and that I was employed by Neany, Inc. as a UAV Technician (also referred to as UAV Mechanic, Senior Technician, Trainer Aircraft Specialist, and Senior Trainer Aircraft Specialist) in the United States between July 15, 2012 and July 15, 2015.

By signing below, I understand that I am agreeing to fully and finally release Defendant Neany and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties"), from all known or unknown claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever arising out of, relating to, or in connection with compensation for any work performed for Defendant Neany, including, but not limited to, claims for overtime, travel time, unreported time, reported time, work performed in the United States, and the causes of action asserted, or which could have been asserted, in this FLSA Collective Action, as well as any other alleged violations of federal, state, local, or other wage and hour requirements (the "Released Claims"). The Released Claims include claims for economic damages, non-economic damages, restitution, penalties, liquidated damages, attorneys' fees or costs.

The Released Claims include any unknown claims that I do not know or suspect to exist in my favor at the time of the release, which, if known, might have affected my settlement with, and release of, the Released Parties. I may hereafter discover facts in addition to or different

from those I now know or believe to be true with respect to the subject matter of the Released Claims, but I shall be deemed to have fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts regarding the Released Claims.

I understand this waiver and release of claims shall be binding on me, as well as all my attorneys, agents, spouses, executors, representatives, guardians ad litem, heirs, successors, and assigns.

I have reviewed the Notice and this Claim Form and I hereby consent to join this FLSA Collective Action and have the Named Plaintiff and Class Counsel represent me in this action pursuant to 29 U.S.C. § 216(b).

_____          _____
*(Signature)*                                             *(Date)*

3